UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RHODA STAHMANN,

        Plaintiff,

   v.                                     Case No. 23-cv-1724-bhl

CHRISTOPHER WRAY,

        Defendant.

## SCREENING ORDER

On December 26, 2023, plaintiff Rhoda Stahmann, proceeding *pro se*, filed a complaint against FBI Director Christopher Wray for violations of federal law.[1] (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Stahmann reports that she is employed full-time (40 hours per week) at a rate of $18.25 per hour but does not provide the name or address of her employer. (ECF No. 2 at 2.) This equates to roughly $3163 in pretax monthly income. She indicates she is married, but also that she "[d]ivorced [February] 20th, 2024," a date in the future. (*Id.* at 1–2.) She does not provide information regarding her spouse's income. Stahmann states she has three minor children and pays $438 in monthly child support. (*Id.*) She lists additional monthly expenses of $125 for her phone, $250 for groceries, and roughly $800 for her kids, for a monthly expense total of $1613. (*Id.* at 2.) For assets, Stahmann lists a Chevy car worth $1200, $5 in cash or accounts, and roughly

---

[1] The Court recently dismissed, with prejudice, two other complaints Stahmann filed. (*See* Case Nos. 23-cv-1192-bhl, 23-cv-1685-bhl.)

$5000 in a 401k. (*Id.* at 3–4.) In asking the Court to grant her motion, Stahmann emphasizes her responsibility to provide for her three children. (*Id.* at 4.)

This is the fourth IFP motion Stahmann has filed in this Court in the last few months. She filed two IFP motions in Case No. 23-cv-1192 and a third in Case No. 23-cv-1685. Stahmann reports different income, expenses, and assets in each of these motions. As the Court warned Stahmann in a prior order in one of her other cases, her inconsistences are problematic given that she signed each motion under penalty of perjury. If Stahmann has intentionally misrepresented her financial situation, she would be subject to a potential criminal prosecution for perjury and the Court would have no choice but to dismiss her suit. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (citing 28 U.S.C. § 1915(e)(2)(A)). The Court will again assume that she is not being intentionally dishonest and, instead, that her economic situation changed between her filings. That being said, Stahmann's failure to specify her monthly take-home income precludes the Court from determining whether her income is sufficient to cover her expenses and still pay the filing fee. The Court need not allow her extra time to supplement her presentation because her complaint is frivolous. As explained below, the Court will dismiss Stahmann's latest complaint and deny her IFP motion as moot.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations must be sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain

sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

### ALLEGATIONS OF THE COMPLAINT

Stahmann's complaint is hard to read and harder to understand, but it appears to stem, at least originally, from the same incidents that form the basis of her previous complaints in this Court. (*See* Case Nos. 23-cv-1192-bhl, 23-cv-1685-bhl.) Stahmann alleges that, on March 30, 2023, FBI Director Christopher Wray and "his employees" violated her equal protection rights under the Fourteenth Amendment and "endangered many [lives]" after she made "about 9 attempts in 1 year" to file reports and produce evidence against Walmart security and the Fond du Lac County Sheriff's Office. (ECF No. 1 at 3, 6.) She alleges that her phone number was blocked on the FBI's public tip line and that she received threats from FBI agents that "if [she] told anyone they would be 'dead'" (*Id.*) Stahmann then alleges, again on March 30, she "dropped off a complaint [at the Milwaukee FBI Field Office] regarding his misconduct and the other parties involved." (*Id.*) Whose misconduct is unclear.

The rest of Stahmann's complaint is a confusing rehash of these same basic allegations, accompanied by various case citations, legal jargon without context, and other largely incoherent allegations. She appears at one point to accuse Walmart generally (possibly in conjunction with Fond du Lac County) of organized crime. (*Id.* at 5.) She makes repeated reference to negligence, misconduct, failure to protect, and other legal terms, but it is unclear at most points to whom she is referring, and she provides no additional coherent factual allegations. Stahmann requests $10,000,000 in compensation for the alleged violation of her Fourteenth Amendment and other civil rights and "for damages to one's life and liberty." (*Id.* at 10.)

### ANALYSIS

Stahmann's allegations are insufficient to support a federal lawsuit. The law requires the Court to dismiss a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support

his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279–80 (7th Cir. 1985)). Rational arguments in support of a claim for relief are impossible where "the plaintiff's allegations are so 'fanciful,' 'fantastic,' and 'delusional' as to be 'wholly incredible.'" *Bussie v. Attorney General*, Nos. 13-cv-476-wmc, 13-cv-477-wmc, 2013 WL 3934179, at *2 (W.D. Wis. July 30, 2013) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)). While *pro se* pleadings are held to less stringent standards than those drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), not even excessively liberal construction rescues complaints that are frivolous or fail to state a claim. *See Denton*, 504 U.S. at 33.

To the extent Stahmann's allegations are discernible, they are frivolous. What few factual allegations can be understood from her complaint are either wholly incredible or simply not a violation of her rights. To the extent Stahmann has implied that she had direct contact with Director Wray, that is not believable. Nor is her allegation that an unnamed FBI officer threatened her because she attempted to file a complaint against Walmart and the Fond du Lac Sheriff's Office. Or that Walmart is participating in "organized crime" of which Stahmann has insider knowledge. And while it is believable that Stahmann made so many complaints to the FBI that they blocked her number, she does not have a right, under the Fourteenth Amendment or otherwise, to have the FBI endlessly listen to her complaints. Indeed, "it is apparent from a reading of the complaint that there is no need to await the defendant's answer or motion to dismiss . . . to determine that the case is going nowhere," thus making Stahmann's suit frivolous. *See Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). As such, the Court will dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(i).

Because Stahmann's claims are facially incredible, granting leave to amend would be futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted, however, if it is clear that any amendment would be futile.").

Accordingly,

**IT IS HEREBY ORDERED** that Stahmann's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Stahmann's complaint, ECF No. 1, is **DISMISSED with prejudice** as frivolous. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 11, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge